ELECTRONICALLY FILED
2014-Jun-18 15:24:56
60CV-14-2358
C06D13 : 24 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

CONNIE STAFFORD, individually and on
behalf of all others similarly situated,

                              Plaintiff,

        -against-

WHOLE FOODS MARKET CALIFORNIA,
INC.

                              Defendant.

**CLASS  ACTION COMPLAINT**

Case No. _____

**JURY TRIAL DEMANDED**

Plaintiff, Connie Stafford, brings this lawsuit against Defendant Whole Foods Market California, Inc. ("Whole Foods" or "Defendant"). In order to remedy the harm arising from Defendant's illegal conduct which has resulted in unjust profits, Plaintiff brings this action on behalf of Plaintiff and a statewide class of Arkansas consumers who, within the last five years, purchased (1) 365 Everyday Value Cola, 365 Everyday Value Ginger Ale and 365 Everyday Value Root Beer; and (2) 365 Everyday Value Organic Tomato Ketchup and 365 Everyday Value Organic Chicken Broth referred to herein as (the "Purchased Products," "Whole Food Products," and/or "Misbranded Food Products").[1]

## DEFINITIONS

1.      "Class Period" is June ___, 2009 to the present.

2.      Over the last five years, Plaintiff, Connie Stafford, has purchased (1) 365 Everyday Value Cola, 365 Everyday Value Ginger Ale and 365 Everyday Value Root Beer (Class A Products); and (2) 365 Everyday Value Organic Tomato Ketchup and 365 Everyday Value Organic Chicken Broth (Class B Products) (collectively, the "Purchased Products").

3.      Class A Products include the Whole Foods Products labeled as "All Natural," which

_____

[1] This case only includes the "Purchased Products."

include the following products:

- 365 Everyday Value Cola

- 365 Everyday Value Ginger Ale

- 365 Everyday Value Root Beer

Class A Products are attached hereto as Exhibit "1."

4.     Class B Products include the Whole Foods Products labeled as "Organic," which include the following products:

- 365 Everyday Value Organic Tomato Ketchup

- 365 Everyday Value Organic Chicken Broth

Class B Products are attached hereto as Exhibit "2."

5.     Whole Foods represents that its products are "All Natural" and "Organic," which they are not.  Using such terms is illegal to describe products which contain unnatural and nonorganic ingredients under Arkansas law.

6.     "Misbranded Food Products" and/or "Whole Foods Products" are the Purchased Products identified herein.

7.     The issue in this case is the label violations and/or misrepresentations on the label of the Whole Foods Products.  The representations that the Whole Foods Products are "All Natural" and "Organic" are false and misleading because the Whole Foods Products contains artificial ingredients and nonorganic substances and are not "All Natural" or "Organic."  The use of the terms "All Natural" and "Organic" are in violation of A.C.A. § 20-56-209; A.C.A. § 20-56-214; and A.C.A. § 20-56-215.

## SUMMARY OF THE CASE

8.     Under Arkansas law, a food product that is misbranded cannot legally be manufactured, advertised, distributed, held or sold.  Misbranded products cannot be legally sold,

possessed, have no economic value, and are legally worthless. The sale, purchase or possession of misbranded food is a criminal act in Arkansas and food companies are subject to seizure of misbranded products. This "misbranding" – standing alone without any allegations of deception by Defendant other than the failure to disclose as per its duty, the material fact that the product was illegal, entitles Plaintiff to relief even absent review of or reliance on the labels by Plaintiff and is a strict liability claim.

9.      The label on the Whole Foods Products – aside from being unlawful under Arkansas law – is also misleading, deceptive, unfair and fraudulent. The use of the terms "All Natural" and "Organic" are deceptive representations that hide from the consumer that the product contains unnatural and nonorganic ingredients. Plaintiff reviewed the label on the Purchased Products and reasonably relied in substantial part on the label, and was thereby deceived, in deciding to purchase this product. Plaintiff did not know the Whole Foods Products were not "All Natural" or "Organic." The very fact that Defendant sold such illegal Whole Foods Products and did not disclose this fact to consumers is a deceptive act in and of itself. Plaintiff would not have purchased a product that is illegal to own or possess. Had Defendant informed Plaintiff of this fact, Plaintiff would not have purchased the Whole Foods Products. Plaintiff relied upon Whole Foods' implied representation that Defendant's product was legal that arose from Defendant's material omission of the fact that its products were in fact, actually illegal to sell and/or possess.

10.     Plaintiff did not know, and had no reason to know, that Defendant's product was misbranded under Arkansas law and that the product bore false food labeling claims, despite failing to meet the requirements to make those food labeling claims. Similarly, Plaintiff did not know, and had no reason to know, that Defendant's product was false and misleading.

11.     Arkansas laws require truthful, accurate information on the labels of packaged foods. The law is clear: misbranded food cannot legally be sold, possessed, has no economic value and is

legally worthless. Purchasers of misbranded food are entitled to a refund of their purchase price.

12.     Arkansas laws regulate the content of labels on packaged food.  Under Arkansas law, food is "misbranded" if "its labeling is false or misleading in any particular," or if it does not contain certain information on its label or its labeling.  A.C.A. § 20-56-209.

13.     Misbranding reaches not only false claims, but also those claims that might be technically true, but still misleading.  If any one representation in the labeling is misleading, the entire food is misbranded, and no other statement in the labeling cure a misleading statement.

14.     Under Arkansas law, a food product that is "misbranded" cannot legally be manufactured, advertised, distributed, held or sold.  Misbranded products cannot be legally sold, possessed, have no economic value, and are legally worthless.  Plaintiff and members of the Class who purchased these products paid an unwarranted premium for these products.

15.     If Whole Foods is going to make a claim on a food label, the label must meet certain legal requirements that help consumers make informed choices and ensure that they are not misled and that label claims are truthful, accurate, and backed by scientific evidence.  These laws recognize that reasonable consumers are likely to choose products claiming to have a health or nutritional benefit over otherwise similar food products that do not claim such benefits.

16.     As described more fully below, Defendant has sold products that are misbranded and are worthless because (i) the labels violate Arkansas law and, separately, (ii) Defendant made, and continues to make, false, misleading and deceptive claims on its labels.

17.     Under Arkansas law, Defendant's food labeling practices are both (i) unlawful; and (ii) deceptive and misleading to consumers because their warranties and representations as to the content of the products falsely conceal that the product contains unnatural ingredients.

**BACKGROUND**

18.     Whole Foods' products, with their distinctive packaging, are available at Whole

Foods' locations throughout Arkansas.

19.    Whole Foods uses the term "All Natural" to make its products appear healthier than competitor's products that do not claim to be "All Natural." This illegal label is used to increase sales and to charge a premium by making the product seem healthier than it is in reality.

20.    Whole Foods uses the term "Organic" to make its products appear healthier than competitor's products that do not claim to be "Organic." This illegal label is used to increase sales and to charge a premium by making the product seem healthier than it is in reality.

21.    Plaintiff read and relied upon this misleading and deceptive language, "All Natural" and "Organic," when making her decision to purchase the Whole Foods Products. If not for this misrepresentation, Plaintiff would not have purchased the Whole Foods Products. Plaintiff therefore suffered injury as Plaintiff lost money buying Whole Foods' deceptively labeled food product when Plaintiff could have chosen to purchase alternative products that were truly "All Natural" and/or "Organic," or to refrain from buying the product at all. Plaintiff specifically relied on the products' ingredient labeling when Plaintiff made the decision to purchase the product listed above and attached hereto as Exhibit "1" and Exhibit "2." These products were mislabeled food products and, as a result, Plaintiff suffered injury.

22.    Exemplar labels of the Class A Products purchased by Plaintiff are provided in Exhibit "1." This exhibit is true, correct and accurate photographs of Whole Foods' "All Natural" package label.

23.    Exemplar labels of the Class B Products purchased by Plaintiff are provided in Exhibit "2." This exhibit is true, correct and accurate photographs of Whole Foods' "Organic" package label.

24.    At all times during the Class Period, the above listed Whole Foods Products were represented to be "All Natural" And/or "Organic."

25.    Whole Foods' representations that the Whole Foods Products are "All Natural" are false. The Whole Foods Products contain artificial ingredients and are therefore, not "All Natural."

26.    Whole Foods' representations that the Whole Foods products are "Organic" are false. The Whole Foods Products contain nonorganic ingredients and are therefore, not "Organic."

27.    If a manufacturer makes a claim on a food label, the label must meet certain legal requirements that help consumers make informed choices and ensure that they are not misled. As described more fully below, Defendant has made, and continues to make, unlawful as well as false and deceptive claims in violation of Arkansas laws that govern the types of representations that can be made on food labels. These laws recognize that reasonable consumers are likely to choose products claiming to be natural or to have a health or nutritional benefit over otherwise similar food products that do not claim such properties or benefits or that discloses certain ingredients. More importantly, these laws recognize that the failure to disclose the presence of risk-increasing nutrients is deceptive because it conveys to consumers the impression that a food makes only positive contributions to a diet, or does not contain any nutrients at levels that raise the risk of diet-related diseases or health-related conditions.

28.    Defendant has made, and continues to make, false and deceptive claims on its Misbranded Food Products by representing that the product contains "All Natural" and "Organic" ingredients, when it does not.

29.    Defendant's violations of law include the illegal advertising, marketing, distribution, delivery and sale of Defendant's Misbranded Food Products to consumers in Arkansas.

30.    Consumers have paid a premium price for the Misbranded Food Products that they have been misled into believing contains "All Natural" and "Organic" ingredients.

31.    Plaintiff read the labels on Defendant's Misbranded Food Products, including the "All Natural" and "Organic" claims.

32.     Plaintiff reasonably relied on Defendant's package labeling, including the "All Natural" and "Organic" claims.

33.     After Plaintiff learned that Defendant's Misbranded Food Products were falsely labeled, she stopped purchasing them.

## PARTIES

34.     Plaintiff, Connie Stafford, is a resident of North Little Rock, Pulaski County, Arkansas who purchased the Whole Foods Misbranded Food Products during the five (5) years prior to the filing of this Complaint (the "Class Period").

35.     Whole Foods Market California, Inc. is a California corporation doing business in the State of Arkansas.  It can be served with process by serving its registered agent:  CT Corporation System, 818 W. 7th St., Los Angeles, California 90017-3407.

36.     Defendant is a leading producer and distributor of retail packaged grocery products, including the Purchased Products.  Defendant sells its food products to consumers through its stores throughout Arkansas under labels such as Whole Foods Market, 365 Organic Everyday Value and 365 Everyday Value.

## JURISDICTION AND VENUE

37.     This Court has jurisdiction pursuant to Ark. Const., Amend. 80, § 6, and A.C.A. § 16-13-201(a).  This Court also has jurisdiction pursuant to Rule 23 of the Arkansas Rules of Civil Procedure.

38.     This Court has personal jurisdiction over Defendant, Whole Foods, pursuant to A.C.A. § 16-4-101.  At all times material to this action, Defendant was conducting business in the State of Arkansas.  The Plaintiff Purchased Products sold and manufactured by the Defendant in the State of Arkansas and part of the transactions which give rise to this action took place in Pulaski County, Arkansas.

39.     Venue is proper in this judicial district pursuant to A.C.A. § 16-55-213, *et al,* on the grounds that Defendant's misconduct occurred, in part, in Pulaski County.

40.     The named Plaintiff and the Class Members assert no federal question.  The state law causes of action asserted herein are not federally pre-empted.

41.     The named Plaintiff and the Class Members assert that the aggregate amount in controversy will not exceed the sum or value of $4,999,999.00, including compensatory damages, and restitution.  The aggregate amount in controversy of the Class Members' claims does not and will not exceed $4,999,999.00, excluding interest.  No Class Member has a claim which exceeds $74,999.00, including compensatory damages, and restitution.

## FACTUAL ALLEGATIONS

A.     **Identical Arkansas Laws Regulate Food Labeling**

42.     Food manufacturers are required to comply with state laws and regulations that govern the labeling of food products.  First and foremost among these is the A.C.A. § 20-56-201, *et seq.*

43.     Arkansas law provides in relevant part that food shall be deemed misbranded "[i]f its labeling is false or misleading in any particular."  Arkansas also discourages the misbranding of food through the availability of remedies pursuant to the state's consumer protection laws. Therefore, any labeling violation of A.C.A. § 20-56-201, *et seq,* is also a violation of Arkansas common law and the Arkansas Deceptive Trade Practices Act.

B.     **Defendant's Use of "All Natural" is Unlawful**

44.     The term "natural" adds a premium to food products and makes them appear fresher, minimally processed and safer.  Seeking to profit from consumers' desire for natural food products and recognizing that the labeling of products as "all natural" or "All Natural" implicitly conveys to consumers that the products carry health benefits important to consumers, Whole Foods has falsely

represented its Whole Foods Products as all natural when that is not true.  On the principal display panel of its product labels, Whole Foods claims that such products are "All Natural" despite the fact that they contain unnatural ingredients that preclude the labeling of the very types of products at issue here as being "natural."

45.     Defendants unlawfully labeled some of its food products as being "All Natural," when they actually contain artificial ingredients and flavorings, artificial coloring and chemical preservatives.   For example, Defendant's 365 Everyday Value Cola bought by Plaintiff is represented to be "All Natural," but contains caramel coloring, tartaric acid, citric acid and carbon dioxide.  Defendant's 365 Everyday Value Ginger Ale and Root Beer bought by Plaintiff are represented to be "All Natural," but contain caramel coloring, citric acid and carbon dioxide.

46.     Plaintiff purchased Whole Foods' 365 Everyday Value sodas throughout the  Class Period, including 365 Everyday Value Cola, 365 Everyday Value Ginger Ale and 365 Everyday Value Root Beer, in reliance on Defendant's false representations that the products were "All Natural."  Had Plaintiff known this representation was false, she would not have purchased the products or paid a premium for them.

47.     Consumers reasonably expect that products carrying an "All Natural" claim must not contain any artificial flavoring, color ingredients, chemical preservatives, or artificial or synthetic ingredients, and be only minimally processed by a process that does not fundamentally alter the raw product.  A reasonable consumer would understand that "natural" products do not contain synthetic, artificial or excessively processed ingredients.

48.     Consumers are thus misled into purchasing Defendant's products with ingredients that are not natural as falsely represented on their labeling.  Defendant's products in this respect are misbranded under Arkansas law.  Plaintiff did not know, and had no reason to know, that the Purchased Products were misbranded, and bore natural claims despite failing to meet the

requirements to make those natural claims. Plaintiff would not have bought these products had they been accurately labeled and disclosed the information required by law.   Because of this improper manner in which ingredients were described, Plaintiff purchased Defendant's products and paid premiums for them.   Defendants have violated these referenced regulations and thus misled Plaintiff and the Class who were injured as a result and suffered economic loss.

C.      **Defendant's Use of "Organic" is Unlawful**

49.      The term "organic" adds a premium to food products and makes them appear fresher, minimally processed and safer.  Seeking to profit from consumers' desire for organic food products and recognizing that the labeling of products as "Organic" implicitly conveys to consumers that the products carry health benefits important to consumers, Whole Foods has falsely represented its Whole Foods Products as "Organic" when that is not true.   On the principal display panel of its product labels, Whole Foods claims that such products are "Organic" despite the fact that they contain nonorganic ingredients that preclude the labeling of the very types of products at issue here as being "organic."

50.      Defendant unlawfully labeled some of its food products as being "Organic," when they actually contain nonorganic.  For example, Defendant's 365 Everyday Value Organic Tomato Ketchup and 365 Everyday Value Organic Chicken Broth bought by Plaintiff is represented to be "Organic," but contains nonorganic ingredients.

51.      Plaintiff purchased Whole Foods' 365 Everyday Value Organic Tomato Ketchup and 365 Everyday Value Organic Chicken Broth in reliance on Defendant's false representations that the products were "Organic."  Had Plaintiff known this representation was false, she would not have purchased the products or paid a premium for them.

52.      Consumers reasonably expect that products carrying an "Organic" claim must not contain any nonorganic ingredients, and be only minimally processed by a process that does not

fundamentally alter the raw product.  A reasonable consumer would understand that "organic" products do not contain synthetic, artificial or excessively processed ingredients.

53.     Consumers are thus misled into purchasing Defendant's products with ingredients that are not natural as falsely represented on their labeling.  Defendant's products in this respect are misbranded under Arkansas law.  Plaintiff did not know, and had no reason to know, that the Purchased Products were misbranded, and bore natural claims despite failing to meet the requirements to make those natural claims. Plaintiff would not have bought these products had they been accurately labeled and disclosed the information required by law.  Because of this improper manner in which ingredients were described, Plaintiff purchased Defendant's products and paid premiums for them.  Defendants have violated these referenced regulations and thus misled Plaintiff and the Class who were injured as a result and suffered economic loss.

**D.     Defendant has Knowingly Violated Arkansas Laws**

54.     Defendant has violated A.C.A. § 20-56-209 by, inter alia, failing to reveal material facts on the label of Defendant's Misbrand Food Product.

55.     Defendant has violated Arkansas A.C.A. § 20-56-209 because Defendant's Misbranded Food Products are fabricated from two (2) or more ingredients, but fail to utilize the common or usual name of each ingredient on their labeling.

56.     Defendant has violated Arkansas A.C.A. § 20-56-209 because words, statements, or other information required pursuant to Arkansas's food labeling laws to appear on the label or labeling are not prominently placed upon the label or labeling with conspicuousness, as compared with other words, statements, designs, or devices in the labeling and in terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

57.     Defendant has violated Arkansas A.C.A. § 20-56-209 because, for all the reasons set forth herein, Defendant's Misbranded Food Products labeling is false and misleading in one or more

ways.  Among other things, the labeling is false and misleading because it: (1) fails to utilize the common or usual name of each ingredient; (2) fails to list its product ingredients in descending order of predominance by weight; and (3) falsely represents that the Whole Foods Products are "All Natural," when it is not.

58.     Defendant has violated Arkansas A.C.A. § 20-56-215 which make it unlawful to manufacture, sell, deliver, hold, or offer to sell any misbranded food.

59.     Defendant has violated Arkansas A.C.A. § 20-56-214 and § 20-56-215 which make it unlawful to falsely or misleadingly advertise food or food.

60.     Defendant has a duty to disclose the true nature of the contents of Defendant's Misbranded Food Products and failed to abide by that duty.

61.     Significantly, the food labeling laws of Arkansas, Defendant's violations of the food labeling laws of Arkansas (including all of the aforementioned provisions) are strict liability crimes for which no showing of intent to deceive or defraud is required.

62.     Under the food labeling laws of Arkansas, it is a strict liability crime to, inter alia, manufacture, sell, deliver, hold, or offer for sale any food that is misbranded.

63.     By manufacturing and selling misbranded products, Defendant has committed a predicate unlawful act, regardless of any misrepresentation or reliance thereon.

64.     Because Defendant's Misbranded Food Products are misbranded and illegal they have a value of zero.  Plaintiff and other consumers were injured when paying money for a worthless product.

E.      **Plaintiff Purchased Defendant's Misbranded Food Product**

65.     Plaintiff cares about the nutritional content of food and seeks to maintain a healthy diet.

66.     Plaintiff read and reasonably relied on the labels on Defendant's Purchased Products

before purchasing it as described herein.  Plaintiff relied on Defendant's labeling as described herein and based and justified the decision to purchase Defendant's product, in substantial part, on the label.

67.     At point of sale, Plaintiff did not know, and had no reason to know, that the Purchased Products was unlawful and misbranded as set forth herein, and would not have bought the product had Plaintiff known the truth about it, *i.e.*, that the product was illegal to purchase and possess.

68.     After Plaintiff learned that Defendant's Purchased Products was falsely labeled, Plaintiff stopped purchasing them.

69.     As a result of Defendant's unlawful misrepresentations, Plaintiff and thousands of others in Arkansas purchased the Purchased Product.

70.     Defendant's labeling as alleged herein is false and misleading and was designed to increase sales of the product at issue.  Defendant's misrepresentations are part of its systematic labeling practice and a reasonable person would attach importance to Defendant's misrepresentations in determining whether to purchase the product at issue.

71.     A reasonable person would also attach importance to whether Defendant's product is "misbranded," i.e., legally salable, and capable of legal possession, and to Defendant's representations about these issues in determining whether to purchase the product at issue. Plaintiff would not have purchased Defendant's product had Plaintiff known it was not capable of being legally sold or held.

72.     Plaintiff's purchases of the Purchased Products damaged Plaintiff because misbranded products cannot be legally sold, possessed, have no economic value, and are legally worthless.

*Plaintiff Connie Stafford*

73.     Plaintiff cares about the nutritional content of food and seeks to maintain a healthy diet.  During the class period, Plaintiff read the labels on Defendant's Misbranded Food Products before purchasing the product.  Based on those representations, Plaintiff purchased the Whole Foods Products at grocery stores and third-party retailers in and around Little Rock, Arkansas.  At point of sale, Plaintiff did not know, and had no reason to know, that Defendant's claims on its label were unlawful and unauthorized as set forth herein.  Had Plaintiff known Defendant's product that Plaintiff purchased were not "All Natural" and/or "Organic," Plaintiff would not have purchased the product.  As a result, Plaintiff suffered injury-in-fact and lost money.

74.     Plaintiff seeks to avoid and/or minimize unnatural and nonorganic ingredients in the food products that Plaintiff purchases.  At the time Plaintiff read the label of the Whole Foods, Plaintiff attempted to determine whether the Whole Foods Products contained unnatural or nonorganic ingredients by reading the ingredient list.  When Plaintiff read the ingredient list of the Whole Foods Products to determine if unnatural or nonorganic ingredients had been added, none were listed, thus Plaintiff was led to believe that the Whole Foods Products that Plaintiff purchased did not contain unnatural or nonorganic ingredients.

75.     Plaintiff was deceived because the Whole Foods Products were not "All Natural" or "Organic."

76.     Defendant's labeling, advertising and marketing as alleged herein are false and misleading and were designed to increase sales of the products at issue.   Defendant's misrepresentations and material omissions are part of an extensive labeling, advertising and marketing campaign, and a reasonable person would attach importance to Defendant's misrepresentations and material omissions in determining whether to purchase the products at issue.

77.     A reasonable person would also attach importance to whether Defendant's products

were legal for sale, and capable of legal possession, and to Defendant's representations about these issues in determining whether to purchase the product at issue. Plaintiff would not have purchased Defendant's Misbranded Food Products had Plaintiff known they were not capable of being legally sold or held.

## CLASS ACTION ALLEGATIONS

78.     Plaintiff brings this action as a class action pursuant to the Arkansas Rule of Procedure 23 on behalf of the following class:

### CLASS A

All persons who purchased Defendant's Class A Product, in Arkansas, since June ___, 2009 (the "Class"). The Class A Products include:

- 365 Everyday Value Cola
- 365 Everyday Value Ginger Ale
- 365 Everyday Value Root Beer

### CLASS B

All persons who purchased Defendant's Class B Product, in Arkansas, since June ___, 2009 (the "Class"). The Class B Products include:

- 365 Everyday Value Organic Tomato Ketchup
- 365 Everyday Value Organic Chicken Broth

79.     The following persons are expressly excluded from each Class: (1) Defendant and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

80.     This action can be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

81.     Numerosity:  Based upon Defendant's publicly available sales data with respect to the misbranded products at issue, it is estimated that the Class numbers in the thousands, and that joinder of all Class members is impracticable.

82.     Common Questions Predominate:  This action involves common questions of law and

fact applicable to each Class member that predominate over questions that affect only individual Class members. Thus, proof of a common set of facts will establish the right of each Class member to recover. Questions of law and fact common to each Class member include:

a.     Whether Defendant engaged in unlawful, unfair or deceptive business practices by failing to properly package and label its food products it sold to consumers;

b.     Whether the food product at issue was misbranded as a matter of law;

c.     Whether Defendant made unlawful and misleading ingredient representations and warranties with respect to its food products sold to consumers;

d.     Whether Defendant violated the Arkansas Food, Drug and Cosmetic Act (A.C.A. § 20-56-201, *et. seq.*);

e.     Whether Defendant violated the Arkansas Deceptive Trade Practices Act (A.C.A. § 4-88-101, *et. seq.*);

f.     Whether Defendant breached its implied warranty of merchantability;

g.     Whether Defendant breached its express warranties;

h.     Whether Defendant was negligent in its labeling and advertising of the Whole Foods Product;

i.     Whether Defendant unlawfully sold the misbranded product in violation of the labeling laws of Arkansas;

j.     Whether Defendant's unlawful, unfair and deceptive practices harmed Plaintiff and the Class;

k.     Whether Plaintiff and the Class have been damaged by the unlawful actions of the Defendant and the amount of damages to the Class; and

l.     Whether Defendant were unjustly enriched by their deceptive practices.

83.     Typicality:  Plaintiff's claims are typical of the claims of the members of each Class because Plaintiff bought Defendant's Misbranded Food Products during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff and each Class sustained similar injuries arising out of Defendant's conduct in violation of Arkansas law.  The injuries of each member of each Class were caused directly by Defendant's wrongful conduct.  In

addition, the factual underpinning of Defendant's misconduct is common to all Class members of each class and represents a common thread of misconduct resulting in injury to all members of each Class. Plaintiff claims arise from the same practices and course of conduct that give rise to the claims of each member of the Class and are based on the same legal theories.

84.   Adequacy:  Plaintiff will fairly and adequately protect the interests of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class.  Plaintiff has retained competent and experienced class action attorneys to represent their interests and those of the members of the Class.  Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the members of the class and will diligently discharge those duties by seeking the maximum possible recovery for the Class.

85.   Superiority:  There is no plain, speedy or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of each Class member's rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Further, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of

adjudication.

86.  <u>Predominance</u>:  The prerequisites to maintaining a class action pursuant to ARK. R. CIV. P. 23 are met as questions of law or fact common to each class member predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

87.  Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(Violation of A.C.A. § 4-88-101 et seq.)**

88.  Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

89.  Defendant's conduct constitutes unlawful deceptive and unconscionable trade practices. Defendant's conduct was consumer-oriented and this conduct had broad impact on consumers at large. Defendant engaged in false, misleading and unlawful advertising, marketing and labeling of Defendant's Misbranded Food Products. Defendant's manufacturing, distribution and sale of Defendant's Misbranded Food Products were similarly unlawful.

90.  Defendant unlawfully sold Defendant's Misbranded Food Products in Arkansas during the Class Period.

91.  As fully alleged above, by advertising, marketing, distributing and selling mislabeled and misbranded Defendant's Misbranded Food Products to Plaintiff and other members of the Class who purchased Defendant's Misbranded Food Products in Arkansas, Defendant engaged in, and continue to engage in, unlawful deceptive and unconscionable trade practices.

92.  Defendant's misleading marketing, advertising, packaging and labeling of Defendant's Misbranded Food Products were likely to deceive reasonable consumers.

93.  Plaintiff and other members of the Class who purchased Defendant's Misbranded

Food Products in Arkansas were deceived.

94.     Defendant has engaged in unlawful deceptive and unconscionable trade practices.

95.     Plaintiff and other members of the Class who purchased Defendant's Misbranded Food Products in Arkansas were injured by Defendant's unlawful deceptive and unconscionable trade practices.

96.     Defendant's fraud and deception caused Plaintiff and other members of the Class who purchased Defendant's Misbranded Food Products in Arkansas to purchase Defendant's Misbranded Food Products that they would otherwise not have purchased had Plaintiff known the true nature of these products.

97.     Plaintiff and other members of the Class who purchased Defendant's Misbranded Food Products in Arkansas were injured as a result of Defendant's unlawful deceptive and unconscionable trade practices.

98.     In violation of the labeling laws of the state of Arkansas and A.C.A. §§ 4-88-107 and 4-88-108, Defendant sold to Plaintiff and the members of the Class who purchased Defendant's Misbranded Food Products in Arkansas, a product that was not capable of being sold legally, and which has no economic value. Defendant's violation of A.C.A. §§ 4-88-107 and 4-88-108 remains ongoing.

99.     As a direct and proximate cause of Defendant violation of A.C.A. §§ 4-88-107 and 4-88-108, Plaintiff and the members of the Class who purchased Defendant's Misbranded Food Products in Arkansas were injured when they paid for this illegal and worthless products. Plaintiff and the members of the Class who purchased Defendant's Misbranded Food Products in Arkansas have been damaged in an amount to be determined at trial.

100.   As a result of Defendant's  unlawful deceptive and unconscionable trade practices, Plaintiff and the members of the Class who purchased Defendant's Misbranded Food Products in

Arkansas, pursuant to A.C.A. § 4-88-113 and A.C.A. §§ 4-88-107 and 4-88-108, are entitled to damages and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to Plaintiff and the members of the Class who purchased Defendant's Misbranded Food Products in Arkansas any money paid for Defendant's Misbranded Food Products.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

101.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

102.    As a result of Defendant's unlawful and deceptive actions described above, Defendant was enriched at the expense of Plaintiff and the Class through the payment of the purchase price for the Misbranded Food Product.

103.    Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that they received from the Plaintiff and the Class, in light of the fact that the Misbranded Food Products purchased by Plaintiff and the Class was an illegal product and was not what Defendant represented it to be. Thus, it would be unjust and inequitable for Defendant to retain the benefit without restitution to the Plaintiff and the Class for the monies paid to Defendant for the Misbranded Food Product.

## THIRD CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

104.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

105.    Implied in the purchase of the Misbranded Food Products by Plaintiff and the Class is the warranty that the purchased products are legal and can be lawfully sold and possessed.

106.    Defendant knowingly and intentionally misbranded their Misbranded Food Product.

107.    Defendant knew those Misbranded Food Products was illegal.

108.    When Defendant sold this product it impliedly warranted that the product was legal and could be lawfully possessed and/or sold and therefore, merchantable.

109.    Plaintiff would not have knowingly purchased a product that was illegal to own or possess.

110.    No reasonable consumer would knowingly purchase a product that is illegal to own or possess.

111.    The purchased Misbranded Food Products was unfit for the ordinary purpose for which Plaintiff and the Class purchased them.

112.    In fact, this Misbranded Food Products was illegal, misbranded, and economically worthless.

113.    As a result, Plaintiff and the Class were injured through their purchase of an unsuitable, useless, illegal and unsellable product.

114.    By reason of the foregoing, Plaintiff and the Class were damaged in the amount they paid for Misbranded Food Product.

115.    Notice of the Breach of Warranty has been provided to Defendant prior to the filing of this breach of warranty claim.

### FOURTH CAUSE OF ACTION
### (Breach of Express Warranty)

116.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

117.    Whole Foods falsely represented that the Whole Foods Products were "All Natural" and "Organic" when, in fact, the products contained artificial and nonorganic ingredients. The "All Natural" and "Organic" representations and warranties were false. The Whole Foods Products were not "All Natural" or "Organic."

118.    Defendant's representations of fact and/or promises on the labels relating to their Misbranded Food Products created express written warranties that the product would conform to Defendant's representation of fact and/or promises.

119.    The Defendant's descriptions of their Misbranded Food Products became part of the

bases of the bargains, creating express written warranties that the product purchased by Plaintiff and the other Class Members would conform to Defendant's descriptions and specifications. The Misbranded Food Products purchased by Plaintiff did not so conform.

120. Defendant provided warranties that its Misbranded Food Products were labeled in compliance with state law and were not misbranded under state law. Defendant breached these express written warranties.

121. As a result of the foregoing, Plaintiff and the other Class Members have suffered damages, in that the value of the product they purchased was less than warranted by Defendant.

122. Defendant engaged in a scheme of offering the Misbranded Food Products for sale to Plaintiff and members of the Class by way of, inter alia, false and misleading product packaging and labeling.

123. In furtherance of its plan and scheme, Defendant prepared and distributed within Arkansas via product packaging and labeling, statements that misleadingly and deceptively represented that the Misbranded Food Products were "All Natural" and/or "Organic."

124. Plaintiff and the Class were the intended targets of such representations and warranties.

125. Plaintiff and the Class reasonably relied on Defendant's representations and warranties.

126. Plaintiff asserts this cause of action for violations of Arkansas law pertaining to express warranties. Plaintiff and the Class were injured as a result of Defendant's breach of their express warranties about the Misbranded Food Products. Plaintiff and the Class are entitled to damages arising from the breach of warranty.

127. Notice of the Breach of Warranty has been provided to Defendant prior to the filing of this breach of warranty claim.

## FIFTH CAUSE OF ACTION
### (Negligence)

128.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

129.    In making representations of fact to Plaintiff and the other Class members about their Misbranded Food Product, Defendant failed to lawfully label or advertise their Misbranded Food Products and violated their duties to disclose the material facts alleged above. Among the direct and proximate causes of said failure to disclose were the negligence and carelessness of Defendant.

130.    Plaintiff and the other Class members, as a direct and proximate cause of Defendant's breaches of their duties, reasonably relied upon such representations to their detriment. By reason thereof, Plaintiff and the other Class members have suffered damages.

131.    As described above, Defendant's actions violated a number of express statutory provisions designed to protect Plaintiff and the Class. Defendant's illegal actions constitute negligence per se. Moreover, the statutory food labeling and misbranding provisions violated by Defendant are strict liability provisions.

132.    As alleged above, Plaintiff and the Class were injured by Defendant's unlawful actions and are entitled to recover an amount to be determined at trial due to the injuries and loss they suffered as a result of Defendant's negligence.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, prays for judgment against Defendants as follows:

A.      For an order certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel to represent the Class;

B. For an order awarding, as appropriate, damages, restitution, or disgorgement to Plaintiff and the Class including all monetary relief to which Plaintiff and the Class are entitled; and

C. For an order awarding pre-judgment and post-judgment interest.

Dated: June 18, 2014.                    Respectfully submitted,


                    /s/ Thomas P. Thrash
                    Thomas P. Thrash (ABA No. 80147)
                    Marcus N. Bozeman (ABA No. 95287)
                    THRASH LAW FIRM, P.A.
                    1101 Garland Street
                    Little Rock, AR 72201
                    Telephone: (501) 374-1058
                    Facsimile: (501) 374-2222


                    /s/ Kenneth R. Shemin
                    Kenneth R. Shemin, ABA No. 78138
                    SHEMIN LAW FIRM, PLLC
                    3333 Pinnacle Hills Parkway, Suite 603
                    Rogers, AR 72758
                    Telephone: (479) 250-4764
                    Facsimile: (479) 845-2198


                    *Attorneys for Plaintiff*

ELECTRONICALLY FILED
2014-Jun-18  15:24:56
60CV-14-2358
C06D13 : 7 Pages

# EXHIBIT 1





**Nutrition Facts**
Serving Size 1 Can (354mL)

Per Serving

170

% Daily Value*

Fat 0g                    0%

0mg                   0%

Carbohydrate 43g          14%

43g

source of calories from fat,
trans fat, cholesterol, dietary
A, vitamin C, calcium and iron.

Values are based on a 2,000

FILTERED CARBONATED WATER,
RAMEL COLOR (FROM CANE
ACID, NATURAL COLA

WHOLE FOODS MARKET

MARKET, LP
market.com

PLEASE RECYCLE

PENING



## Nutrition Facts

Serving Size 1 Can (364mL)

Amount Per Serving

**Calories** 140

% Daily Value*

| | |
|---|---|
| **Total Fat** 0g | 0% |
| **Sodium** 0mg | 0% |
| **Total Carbohydrate** 37g | 12% |
|   Sugars 37g | |
| **Protein** 0g | |

Not a significant source of calories from fat, saturated fat, trans fat, cholesterol, dietary ... vitamin A, vitamin C, calcium and iron.

... Daily Values are based on a 2,000 ...

INGREDIENTS: FILTERED CARBONATED WATER, ... , NATURAL GINGER FLAVOR, CITRIC ... CARAMEL FLAVOR (FROM CANE SUGAR).

DISTRIBUTED BY:
WHOLE FOODS MARKET
AUSTIN, TX 78...
© ... WHOLE FOODS MARKET I.P., L.P.
www.wholefoodsmarket.com

PRODUCT OF USA

REFRIGERATE AFTER OPENING

**WHOLE FOODS** MARKET

PLEASE RECYCLE





# Nutrition Facts

Serving Size 1 Can (354mL)

**Amount Per Serving**

**Calories** 170

% Daily Value*

**Total Fat** 0g — 0%

**Sodium** 0mg — 0%

**Total Carbohydrate** 43g — 14%

Sugars 43g

**Protein** 0g

Not a significant source of calories from fat, saturated fat, trans fat, cholesterol, dietary fiber, vitamin A, vitamin C, calcium and iron.

*Percent Daily Values are based on a 2,000 calorie diet.

INGREDIENTS: FILTERED CARBONATED WATER, CANE SUGAR, NATURAL ROOT BEER FLAVOR, CITRIC ACID, CARAMEL COLOR (FROM CANE SUGAR).

DISTRIBUTED BY:
WHOLE FOODS MARKET
AUSTIN, TX 78703
©2013 WHOLE FOODS MARKET
WWW.wholefoodsmarket.com

PRODUCT OF USA

BEVERAGES ARE MIXED OPENING

ELECTRONICALLY FILED
2014-Jun-18  15:24:56
60CV-14-2358
C06D13 : 5 Pages

# EXHIBIT 2





## Nutrition Facts

Serving Size 1 Tbsp (17g)
Servings Per Container About 40

**Amount Per Serving**

**Calories** 20

| | % Daily Value* |
|---|---|
| **Total Fat** 0g | **0%** |
| **Sodium** 160mg | **7%** |
| **Total Carbohydrate** 5g | **2%** |
| Sugars 4g | |
| **Protein** 0g | |

Vitamin A 2%   •   Vitamin C 4%

Not a significant source of calories from fat, saturated fat, trans fat, cholesterol, dietary fiber, calcium and iron.

*Percent Daily Values are based on a 2,000 calorie diet.

**INGREDIENTS:** ORGANIC TOMATO PUREE, ORGANIC EVAPORATED CANE JUICE, ORGANIC WHITE VINEGAR, SALT, ORGANIC ONION POWDER, ORGANIC SPICES.

**PRODUCED IN A FACILITY THAT ALSO PROCESSES PEANUTS, MILK, EGGS, FISH, WHEAT AND SOY.**

DISTRIBUTED BY:
WHOLE FOODS MARKET
AUSTIN, TX 78703
©2000 WHOLE FOODS MARKET IP, LP
www.wholefoodsmarket.com

WHOLE FOODS MARKET

CERTIFIED ORGANIC BY:
QUALITY ASSURANCE INTERNATIONAL

PRODUCT OF USA

REFRIGERATE AFTER OPENING

WHOLE FOODS MARKET PRIVATE LABEL PRODUCTS ARE FORMULATED TO AVOID GENETICALLY ENGINEERED INGREDIENTS. U.S. LAW DOES NOT ALLOW THE USE OF GENETICALLY ENGINEERED INGREDIENTS OR FEED IN PRODUCTS LABELED AS ORGANIC.



0  099482 41068  1



# Nutrition Facts

Serving Size 1 Cup (8 fl oz / 237 mL)
Servings Per Container About 4

**Amount Per Serving**

| | |
|---|---|
| **Calories** 15 | Calories from Fat 5 |

**% Daily Value\***

| | |
|---|---|
| **Total Fat** 1g | **2%** |
| Saturated Fat 0g | **0%** |
| Trans Fat 0g | |
| **Cholesterol** 5mg | **2%** |
| **Sodium** 140mg | **6%** |
| **Total Carbohydrate** 1g | **0%** |
| Dietary Fiber 0g | **0%** |
| Sugars 1g | |
| Protein 1g | |

| | | | |
|---|---|---|---|
| Vitamin A 0% | • | Vitamin C 0% | |
| Calcium 0% | • | Iron 0% | |

\* Percent Daily Values are based on a 2,000 calorie diet. Your daily values may be higher or lower depending on your calorie needs.

| | | Calories: | 2,000 | 2,500 |
|---|---|---|---|---|
| Total Fat | Less than | | 65g | 80g |
| Sat Fat | Less than | | 20g | 25g |
| Cholesterol | Less than | | 300mg | 300mg |
| Sodium | Less than | | 2,400mg | 2,400mg |
| Total Carbohydrate | | | 300g | 375g |
| Dietary Fiber | | | 25g | 30g |

(PURE WATER,
CHICKEN FAT, SEA
ON POWDER,
ORGANIC