**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CONNIE STAFFORD, individually and on                                                              PLAINTIFF
behalf of all others similarly situated

v.                                        No. 4:14CV00420 JLH

WHOLE FOODS MARKET CALIFORNIA, INC.                                                     DEFENDANT

**OPINION AND ORDER**

Connie Stafford commenced this action against Whole Foods Market California, Inc., in the Circuit Court of Pulaski County, Arkansas, alleging claims against Whole Foods for violation of the Arkansas Deceptive Trade Practices Act, unjust enrichment, breach of implied warranty of merchantability, breach of express warranty, and negligence. The complaint alleges that Whole Foods labels its 365 Everyday Value Cola, 365 Everyday Value Ginger Ale, 365 Everyday Value Root Beer, 365 Everyday Value Organic Tomato Ketchup, and 365 Everyday Value Organic Chicken Broth as "All Natural" or "Organic" when in fact they are not. Stafford seeks to represent a class of persons who have purchased those products in Arkansas since June of 2009. Whole Foods removed the action to this Court based on diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d); diversity jurisdiction under 28 U.S.C. § 1332(a); and federal question jurisdiction under 28 U.S.C. § 1331. Stafford has filed a motion to remand. For the following reasons, Stafford's motion to remand is denied.

**I.**

Whole Foods is a California corporation doing business in Arkansas. Document #2 at 7 ¶ 35. It is a "producer and distributor of retail packaged grocery products." *Id*. at 7 ¶ 36. Stafford is a resident of Arkansas. *Id.* at 7 ¶ 34.

Stafford purchased from a Whole Foods store in Arkansas Whole Foods' 365 Everyday Value sodas that were labeled as "All Natural." *Id.* at 9 ¶ 45-46. She also purchased Whole Foods' 365 Everyday Value Organic Tomato Ketchup and Organic Chicken Broth. *Id.* at 10 ¶ 50. Stafford alleges that labeling these products as "All Natural" or "Organic" is misleading and violates the Arkansas Food, Drug, and Cosmetic Act, Ark. Code Ann. §§ 20-56-201 *et seq*. These allegations are the basis for Stafford's claims under the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101, *et seq.*, as well as her claims for unjust enrichment, breach of warranty, and negligence.

Stafford seeks to represent a class that she estimates to number "in the thousands." Document #2 at 15 ¶ 81. Her complaint alleges that no class member has a claim that exceeds $74,999.00 and that the aggregate amount in controversy will not exceed $4,999,999.00. *Id.* at 8 ¶ 41. She also alleges that she and the class members assert no federal question. *Id*. at 8 ¶ 40.

**II.**

Any civil action brought in a state court may be removed to federal district court if it is an action of which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). As noted above, Whole Foods contends that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a); diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d); and federal question jurisdiction under 28 U.S.C. § 1331. Because the Court has diversity jurisdiction under the Class Action Fairness Act, the motion to remand will be denied, and the Court will not decide whether it also has jurisdiction under 28 U.S.C. § 1331 or § 1332(a).

"Under [the Class Action Fairness Act], federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as

2

opposed to complete) diversity among the parties . . . and there are at least 100 members in the class." *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014) (citing *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010)). The amount in controversy must be established by a preponderance of the evidence. *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) (citing *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009)).

Whole Foods argues from the face of the complaint that the amount in controversy exceeds $5,000,000.00 because the complaint alleges that each class member may have damages up to $74,999.99 and that the class numbers in the thousands. Assuming that the class totals only 1,000 members, Whole Foods contends that the complaint manifests an amount in controversy of $74,999,000.00. Stafford responds that Whole Foods must present evidence of the amount in controversy, which it has failed to do. She contends that Whole Foods cannot meet its burden without an evidentiary showing. Because the complaint does not specify an amount of damages in excess of the jurisdictional minimum, Stafford argues, Whole Foods cannot rely merely on the allegations in the complaint. And she says in an affidavit submitted with her motion to remand that over the past five years altogether she has purchased less than $150.00 of the products at issue. Thus, she says that the amount in controversy must be far less than $5,000,000.00.

Stafford's argument is inconsistent with binding precedent from the Eighth Circuit. "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Id.* (quoting *Bell*, 557 F.3d at 959 (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis in original)). The inquiry is "fact intensive," but the removing party's burden is "'a pleading requirement, not a demand for proof. Discovery and trial come later.'" *Hartis v. Chicago Title Ins.*

*Co.*, 694 F.3d 935, 944-45 (8th Cir. 2012) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). "The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Thus, a court may look "at the face of the complaint alone" to determine whether the jurisdictional amount is proven by a preponderance of the evidence. *See Hartis*, 694 F.3d at 945-46.

In *Hartis*, the court held that the defendant had proved by a preponderance of the evidence the amount in controversy exceeded the jurisdictional minimum under the Class Action Fairness Act. 694 F.3d at 945. In so concluding, the court looked to the petition to determine if the amount in controversy was met and rejected the plaintiff's argument that the defendants needed to present proof outside of the complaint. *Id.* at 944-45. There, as here, the plaintiffs argued that proof of the amount in controversy was readily available to the defendant and that the defendant could not meet its burden without presenting such proof. *Id.* at 944. Similarly, in *Grawitch*, the court looked solely to the face of the complaint and held that the defendants had met their burden of proving by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional minimum required under the Class Action Fairness Act, noting that "the plaintiffs sought to recover up to $50,000 in damages per class member." *Grawitch*, 750 F.3d at 960.

Following *Hartis* and *Grawitch*, the Court will look to the face of the complaint to determine whether the amount in controversy required under the Class Action Fairness Act is met. Although Stafford alleged that aggregate damages "will not exceed the sum or value of $4,999,999.00," that allegation does not bind the putative class members because the class has not been certified. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349, 185 L. Ed. 2d 439 (2013). Stafford also

alleges that individually "[n]o Class Member has a claim which exceeds $74,999.00." Document #2 at 8 ¶ 41. Again, the total number of class members alleged is "in the thousands." *Id.* at 15 ¶ 81. Although the complaint alleges the damages do not exceed the $5,000,000 amount in controversy threshold, by alleging damages up to $74,999.00 per class member, Stafford has placed that amount in controversy for each class member. *Cf. Grawitch*, 750 F.3d at 960 (recognizing that the "plaintiffs sought to recover up to $50,000 per class member" . . . "even if the individual class members' monthly overpayment was minimal."). Taking the complaint at face value, if each class member has a claim that might be as much as $74,999.00, and if the class is in the thousands, a jury might conclude that the class suffered damages of more than $5,000,000.00.

Stafford's affidavit stating that over the past five years she has purchased less than $150 of the products at issue is too little, too late. Even though "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586, 592, 82 L. Ed. 845 (1938); *see also Bell*, 557 F.3d at 958 (after removal it is too late to stipulate that damages are less than the minimum amount for diversity jurisdiction).

As has often been said, the plaintiff is the master of her complaint. *Bell*, 557 F.3d at 956. If in fact she believes that her claim is only $150 and that her claim is typical of the class in that regard, she could have so alleged in her complaint. She did not. Instead, she alleged that the claims of each of the individual class members may be as much as $74,999.00. Having made that allegation for a class that numbers "in the thousands," she cannot escape the conclusion that her complaint places in controversy an aggregate amount that exceeds $5,000,000.00.

## CONCLUSION

From the face of the complaint, Whole Foods has established by a preponderance of the evidence that the potential class exceeds 100, that there is minimal diversity of citizenship, and that the amount in controversy exceeds $5,000,000.00.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d).  Therefore, the motion to remand is DENIED.  Document #10.

IT IS SO ORDERED this 24th day of September, 2014.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE